IN THE
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| AMANDA N. HARTLESS, )  )  Plaintiff, )  )  v. )  )  JONATHAN D. ROBERTS; )  )  **Serve: 1120 Pico Rd.** )  **Buchanan, VA 24066** )  )  and )  )  WELLS FARGO BANK, NATIONAL )  ASSOCIATION; )  )  **Serve: (Registered Agent)** )  **Corporation Service Company** )  **100 Shockoe Slip, 2nd Floor** )  **Richmond, VA 23219** )  )  Defendants. ) | Case No. __7:18CV395_____ |

## COMPLAINT

Plaintiff Amanda N. Hartless moves for judgment against defendants Jonathan D.

Roberts and Wells Fargo Bank, National Association, and as grounds therefore states as

follows:

## PARTIES

1.      Plaintiff is a citizen of the United States and a resident of the

Commonwealth of Virginia.

2.      On information and belief, defendant Wells Fargo Bank, National

Association ("Wells Fargo") is a corporation doing business in the western district of

Virginia and elsewhere. At all times material hereto defendant is and was a "person" within the meaning of Title VII, Section 701, 42 U.S.C. §2000e(a). On information and belief, at all times material hereto defendant is and was an "employer" within the meaning of Title VII, Section 701, 42 U.S.C. §2000e(b), that is, at all times material hereto defendant is and was a person engaged in an industry affecting commerce which had fifteen or more employees for each working day in each of twenty or more calendar weeks during the years of plaintiff's employment or the preceding calendar year.

3.  On information and belief, defendant Jonathan D. Roberts ("Roberts") is a citizen of the United States and a resident of the Commonwealth of Virginia. At all times material hereto, Roberts was an employee of Wells Fargo.

**JURISDICTION AND VENUE**

4.  This Court has subject matter jurisdiction pursuant to 42 U.S.C. §2000e-5(f) and 28 U.S.C. §1343(a)(4), as this is a suit for sexual harassment pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq*.

5.  This Court has supplemental jurisdiction over plaintiff's remaining claims pursuant to 28 U.S.C. §1367 because such claims are so related to plaintiff's federal claims that they form part of the same case or controversy pursuant to Article III of the United States Constitution.

6.  Venue is appropriate in the United States District Court for the Western District of Virginia, Roanoke Division pursuant to 28 U.S.C. §1391(b)(2) because the events that gave rise to this Complaint occurred in this district.

7.     Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission; received a notice of right to sue dated May 16, 2018; and files this action within 90 days of receipt of the notice of right to sue.

## STATEMENT OF FACTS

8.     Plaintiff began employment with defendant Wells Fargo in or about October 2016 as a financial crimes investigator.

9.     At all relevant times hereto, Roberts was the financial crimes supervisor and plaintiff's direct supervisor at Wells Fargo's call center where plaintiff worked in Roanoke, Virginia.

10.     Over time, Roberts sexually harassed plaintiff, assaulted and battered plaintiff, and created a sexually hostile and offensive work environment.

11.     For example, on approximately four occasions in January 2017 Roberts asked plaintiff to go on a date with him, despite plaintiff declining each request. Each subsequent request by Roberts was with increased vehemence.

12.     Roberts also made crude and offensive sexual comments to plaintiff and in her presence at work. For example, during a required one on one meeting with Roberts, he told plaintiff that if she was not married by the time she turned 40, she would have his baby. Plaintiff immediately left the meeting and went back to her workspace. Roberts followed plaintiff to her workspace and told a nearby coworker, "If Amanda is not married by the time she's 40, she's having my baby."

13.     Additionally, when plaintiff attempted to ask Roberts a question while a customer was on hold, Roberts said she could ask the question "only if you sit on my

lap." When plaintiff was too shocked to respond, Roberts said, "How about just the knee?"

14.     Roberts also physically touched plaintiff in an inappropriate and unwanted manner at work. On one occasion, plaintiff asked Roberts if she could go home for the day. Roberts directed plaintiff to come to his workspace. When plaintiff sat in a chair near Roberts' workspace, Roberts positioned his hand on plaintiff's knee in a threatening and sexual manner.

15.     Roberts' advances were unwelcome, and plaintiff rejected his advances.

16.     In time, Roberts became hostile towards plaintiff and retaliated against her for rejecting his advances. On or about May 24, 2017, plaintiff informed Roberts that she was going to apply for another position within Wells Fargo's "Assist" department. Roberts said, "If you try to apply for the Assist position, I will not let your application go through." Roberts further said her application would have go to through him before it would be received by any other manager or supervisor, and he would ensure the application would go no further.

17.     On or about May 25, 2017, plaintiff spoke with manager Shaun Moore, who was the head of the financial crimes department. Mr. Moore advised plaintiff that Roberts had five previous Human Resources complaints for sexual harassment from female coworkers. Mr. Moore requested that plaintiff also file a complaint with Human Resources so something could hopefully be done about Roberts' behavior.

18.     On or about May 25, 2017, plaintiff filed a formal complaint for sexual harassment against Roberts with Wells Fargo's Human Resources department.

19.     Plaintiff was forced to take vacation time following the filing of her complaint with Human Resources due to extreme anxiety.

20.     Despite plaintiff's filing of a sexual harassment complaint against Roberts with Human Resources, plaintiff was still scheduled for regular one on one meetings with Roberts as part of her job.

21.     Plaintiff's first substantive communication from Wells Fargo's Human Resources department addressing her complaint against Roberts was on June 23, 2017, approximately 29 days following submission of her complaint.

22.     Following a telephone conversation with the Human Resources representative on June 23, 2017, plaintiff moved to a different team within Wells Fargo and Roberts was no longer plaintiff's direct supervisor. However, the location of plaintiff's new workspace remained near Roberts' workspace and he was at or near her workspace regularly, which caused plaintiff to suffer panic attacks and anxiety.

23.     Due to Roberts' harassment and retaliation, plaintiff developed severe anxiety and was forced to take a medical leave of absence from approximately July 9, 2017 through August 20, 2017.

24.     Plaintiff was then forced to resign from her position on August 30, 2017.

### Count I – Sexual Harassment

25.     Plaintiff incorporates by reference herein the preceding paragraphs of this Complaint.

26.     At all times material hereto, Roberts and Wells Fargo sexually harassed plaintiff and permitted a sexually hostile and offensive work environment to exist at

Wells Fargo. Despite repeated complaints by plaintiff, defendants permitted the hostile work environment to continue.

27.     Wells Fargo ratified and condoned Roberts' conduct towards plaintiff.

28.     At all times material hereto, Wells Fargo had a duty to maintain a work environment that was not charged with sexual harassment and hostile and offensive to plaintiff.

29.     Wells Fargo violated federal law by failing to take action reasonably calculated to prevent sexual harassment and by permitting a work environment to exist that was sexually charged and hostile and offensive to plaintiff.

30.     The harassment was unwelcome, was directed toward plaintiff because of her sex, was severe and pervasive, and a basis exists for imputing liability to Wells Fargo as a result of the harassment.

31.     As a direct and proximate result of defendants' actions, plaintiff has suffered and will continue to suffer pecuniary loss, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary loss.

32.     At all times material hereto, defendants engaged in a discriminatory practice or practices with malice or reckless indifference to the federally protected rights of plaintiff so as to support an award of compensatory and punitive damages.

33.     The above-described acts by defendants constitute sexual harassment in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq.*

## Count II – Constructive Discharge

34.     Plaintiff incorporates by reference herein the preceding paragraphs of this Complaint.

35.     Following plaintiff's filing of a formal complaint against Roberts with Human Resources, an unreasonable length of time elapsed before any action was taken by Wells Fargo to address plaintiff's serious concerns and situation.

36.     During this time, plaintiff was still expected to attend one on one meetings with Roberts, which caused severe anxiety. Furthermore, once Human Resources finally responded to plaintiff and relocated plaintiff's workspace, her new workspace remained near Roberts, which caused additional anxiety and panic attacks to the point plaintiff was forced to take a leave of absence from work.

37.     Wells Fargo ratified and condoned Roberts' conduct towards plaintiff.

38.     Wells Fargo's actions imposed intolerable working conditions on plaintiff with the intent of forcing her to leave. Wells Fargo's intention was realized on August 30, 2017 when plaintiff was forced to resign.

## Count III – Assault and Battery

39.     Plaintiff incorporates by reference herein the preceding paragraphs of this Complaint.

40.     At all material times hereto, Roberts acted as an agent and employee of Wells Fargo and his actions were within the scope of said employment.

41.     Roberts and Wells Fargo intentionally battered plaintiff and such battery was unwanted, without consent, and without justification or excuse.

42.     Wells Fargo ratified and condoned Roberts' conduct towards plaintiff.

43.     The conduct of Roberts and Wells Fargo was intentional, threatening, and put plaintiff in reasonable fear of imminent physical injury.

### Count IV – Intentional Infliction of Emotional Distress

44.     Plaintiff incorporates by reference herein the preceding paragraphs of this Complaint.

45.     At all material times hereto, Roberts acted as an agent and employee of Wells Fargo and his actions were within the scope of said employment.

46.     At all material times hereto, Roberts intended his conduct towards plaintiff and knew, or should have known, that such an assault and battery and sexual harassment would result in emotional distress to plaintiff.

47.     At all material times hereto, Wells Fargo knew, or should have known, that failing to take any action towards plaintiff's complaint of sexual harassment to Human Resources would result in emotional distress to plaintiff.

48.     The conduct of Roberts and Wells Fargo was so outrageous and intolerable in that it offends the generally accepted standards of decency and morality.

49.     Wells Fargo ratified and condoned Roberts' conduct towards plaintiff.

50.     As a direct and proximate result of the conduct of Roberts, while acting as an agent and employee of Wells Fargo, and Wells Fargo itself, plaintiff suffered severe emotional distress and damages.

WHEREFORE, plaintiff Amanda N. Hartless demands judgment against defendants Jonathan D. Roberts and Wells Fargo Bank, National Association for injunctive and equitable relief, compensatory and punitive damages, together with pre-judgment and post-judgment interest and for costs and attorneys' fees to the extent recoverable by law, and for such other and further relief as may be just and equitable.

Trial by jury is demanded.

Respectfully submitted,

AMANDA N. HARTLESS

By:  */s/ Matthew L. Liller*
                    Of Counsel

Matthew L. Liller, Esq. (VSB #86451)
KPM LAW
2840 Electric Rd., Suite 111
Roanoke, Virginia 24018
Phone: (540) 589-5143
Fax:    (540) 776-1542
Email:  matthew.liller@kpmlaw.com
*Counsel for Plaintiff*